### HARRIS v. SANDOW REALTY CO.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

1. COURTS ⬳190(2)—MUNICIPAL COURTS—REVIEW—DECISIONS APPEALABLE—MOTION FOR BILL OF PARTICULARS.

Under Municipal Court Code (Laws 1915, c. 279) § 154, specifying appealable orders, an order granting a motion for a bill of particulars is not appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬳190(2).]

2. COURTS ⬳190(6)—MUNICIPAL COURTS—REVIEW—DECISIONS APPEALABLE—RECORD.

No appeal will lie from an order of the Municipal Court which does not appear from the return to have been allowed and signed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬳190(6).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Harris, an infant, by Emma Harris, his guardian ad litem, against the Sandow Realty Company. From an order of the Municipal Court, plaintiff appeals. Appeal dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Isadore Apfel, of New York City, for appellant.

Arthur Knox, of New York City (Percy F. Griffin, of New York City, of counsel), for respondent.

PER CURIAM. The notice of appeal herein states that the appeal is taken from an order dated May 5, 1916. No order of that date is contained in the return. There is an order, dated May 3, 1916, which grants a motion for a bill of particulars.

[1, 2] Such an order is not appealable. Section 154, M. C. C. There is also an unsigned order, dated May 3, 1916, and apparently indorsed

thereon is a notice that the same will be submitted to the justice, who granted the other order, for signature on May 5, 1916; but such order is not signed, and, although the appellant's brief is devoted to a discussion of the last-mentioned order, as the return fails to show that such order was ever signed, this court cannot consider it.

Appeal dismissed, with $10 costs.